UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 1:07-CR-68 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. No. 335, 339.] |
| CARL HENDERSON, *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is a motion for the disqualification of the Office of the United States Attorney for the Northern District of Ohio filed by Defendants Carl Henderson, Maurion Lewis, and Gerald Taylor (collectively, the "Defendants"). [Doc. 335.] The United States opposes this motion. [Doc. 339.]

The Court **DENIES** the Defendants' motion for three reasons. First, the United States has stated that only two members of the Office of the United States Attorney for the Northern District of Ohio – Assistant United States Attorneys Roger S. Bamberger and Rebecca Lutzko – have not been disqualified from representing the Government in the *Henderson* matter. [*Id.* at 4.] Moreover, Bamberger and Lutzko's participation in the evidentiary hearing on the Defendants' motion for a new trial is very limited. The Department of Justice has appointed two attorneys from the Northern District of West Virginia – Betsy Jividen and Robert McWilliams – to represent the United States in the *Henderson* case, requiring that "[a]ll prosecutive decisions regarding this hearing must be made

Case No. 1:07-CR-68
Gwin, J.

by the Northern District of West Virginia and any witnesses handled by trial counsel at the hearing must not be current or former employees of the Northern District of Ohio." [*Id.* at 4.] As a result, the Court finds it difficult to imagine how the extremely limited participation of Bamberger and Lutzko in the Defendants' post-trial hearing could violate the Defendants' due process rights and the relevant Ohio Rules of Professional Conduct.

Second, as the United States points out, Rule 3.7 of the Ohio Rules of Professional Conduct, which prohibits a lawyer from acting as an advocate at a proceeding at which the lawyer or another lawyer from his or her firm is likely to be a necessary witness and a government lawyer from testifying or offering the testimony of another lawyer in the same government agency, only applies to trials and not to post-trial proceedings such as the motion for a new trial at issue. [*Id.* at 5.]

Finally, even if the Court assumes that Rule 3.7 applies to the situation at hand, Rule 3.7(a) does not require disqualification of counsel where the lawyer *may* be a witness. Instead, it requires disqualification where the lawyer is a "necessary witness." In this case, the Defendants have not demonstrated (or even suggested) in their brief that either Bamberger or Lutzko is a necessary witness with respect to this proceeding. As a result, the Court finds that disqualifying attorneys Bamberger and Lutzko would be inappropriate and it therefore **DENIES** the Defendants' motion for the disqualification of the Office of the United States Attorney for the Northern District of Ohio.

IT IS SO ORDERED.

Dated: April 8, 2009          s/ *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE