UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA :
: CASE NO. 1:07-CR-68
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 349, 353.]
CARL HENDERSON, *et al.* :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is the Defendants' motion to quash subpoenas issued to the Defendants by the Government that require the Defendants to produce any and all pleadings, emails, letters, and/or memoranda that demonstrate knowledge by past and present members of the Federal Public Defender's Office of allegations of excessive use of force, theft, false statement (written or testimonial), or other claims concerning the credibility of DEA Special Agent Lee Lucas from 2002 through May 2007. [Doc. 349.] The Defendants argue that this information is not relevant and that the production of this information would violate attorney-client privilege and work-product protection; it would also be unduly burdensome. For the reasons noted below, the Court **DENIES** the Defendants' motion to quash.

To demonstrate a violation of *Brady/Giglio*, a defendant "has the burden of establishing that the prosecutor suppressed evidence[,] that such evidence was favorable to the defense[,] and that the suppressed evidence was material." *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000) (citing *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972)). The Sixth Circuit has also held that "there is no *Brady* violation if the defendant knew or should have known the essential facts permitting him to take

-1-

Case No. 1:07-CR-68
Gwin, J.

advantage of the information in question, or if the information was available to him from another source." *Id.* at 601 (citations omitted). According to the Sixth Circuit, "*Brady* is concerned only with cases in which the government possesses information which the defendant does not." *Id.* That court has also stated that "[w]here . . . 'the factual basis for a claim is reasonably available to the petitioner or his counsel from another source, the government is under no [*Brady/Giglio*] duty to supply that information to the defense.'" *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir.), *cert. denied*, 128 S. Ct. 613 (2007) (citations omitted).

Thus, information that would reveal whether the Defendants or their counsel had prior, independent knowledge of the credibility problems of Agent Lucas or of the other allegations made against Agent Lucas would be highly relevant to the resolution of the Defendants' *Brady/Giglio* claims. As a result, the Court declines to quash the Government's subpoenas on the basis that the information sought from the Defendants is not relevant.

Further, the Court declines to quash the Government's subpoenas on the ground that the information requested is covered by attorney-client privilege or by work-product protection. The Supreme Court has held that the attorney-client privilege "protects only those disclosures – necessary to obtain informed legal advice – which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976). Attorney-client privilege "only protects disclosure of confidential communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn v. United States*, 449 U.S. 383, 395 (1981). The privilege is strictly construed "'because [it] reduces the amount of information discoverable during the course of a lawsuit.'" *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir. 2002) (quoting *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997)); *Fausek v. White*,

Case No. 1:07-CR-68
Gwin, J.

965 F.2d 126, 132 (6th Cir. 1992). Attorney-client privilege also does not pertain to communications made by a client to his attorney with the understanding that it will be disclosed to third parties. *Couch v. United States*, 409 U.S. 322, 335-36 (1976).

Work-product protection, like attorney-client privilege, is also quite narrow, extending to documents recording a lawyer's "mental impressions, personal beliefs, trial strategy, [and] legal conclusions*." Goldberg v. United States*, 425 U.S. 94, 106 (1976) (citations omitted). Generally, work-product protection applies to documents prepared in anticipation of litigation or for trial. *See In re Powerhouse Licensing, LLC.*, 441 F.3d 467, 473 (6th Cir. 2006).

In this case, given the relevance and importance of the information sought by the Government through the subpoenas in question and the relatively narrow applicability of attorney-client privilege and work-product protection, the Court **DENIES** the Defendants' motion to quash. If Defense counsel wish to assert attorney-client privilege or work-product protection as a reason for non-production of particular information, they may do so. The mere fact that particular information is in the files of Defense counsel does not automatically make it privileged or protected, however. Defense counsel must specifically mark any documents to which they think attorney-client privilege or work-product protection applies and these documents must then be produced to the Court for the purposes of an *in camera* inspection.

IT IS SO ORDERED.

Dated: June 5, 2009  s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE