UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :

GERALD TAYLOR,                       :

                     :         CASE NO. 1:07-CR-00068-3

          Petitioner,       :

                     :

vs.                        :         OPINION & ORDER

                     :         [Resolving Doc. No. 471]

UNITED STATES OF AMERICA,   :

                     :

         Respondent.      :

                     :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     In this action brought under 28 U.S.C. § 2255, Petitioner Gerald Taylor moves, *pro se*, to vacate his conviction and sentence for conspiracy to distribute PCP and possession with intent to distribute PCP.[1]  Petitioner Taylor says that his counsel was deficient for two reasons: 1) counsel failed to investigate DEA Special Agent Lee Lucas and 2) counsel failed to move for a downward departure as a minor or minimal participant.[2]  The United States opposes Taylor's motion.[3]  For the following reasons, the Court **DENIES** Taylor's motion.

## I. Factual and Procedural Background

     At Taylor's suppression hearing and at trial,[4] the government introduced testimony to support the following facts:

     On January 11, 2007, federal agents, led by DEA Special Agent Lee Lucas, surveilled Carl

---

[1] Doc. 471.

[2] *Id.*

[3] Doc. 479.

[4] Docs. 92 (suppression hearing day one transcript), 94 (suppression hearing day two transcript), 217 (jury trial transcript volume one), & 218 (jury trial transcript volume two).

Case No. 1:07-CR-00068-3
Gwin, J.

Henderson, one of Petitioner Taylor's co-defendants, at the Extended Stay America hotel in Brooklyn, Ohio. The agents suspected Henderson of distributing PCP from California in Ohio. The agents observed two vans registered to Henderson at the hotel.

Henderson and his wife left in one van. The agents arrested Henderson on an outstanding state warrant and read him his *Miranda* rights. During questioning, Henderson said that he had met with Petitioner Taylor and Maurion Lewis, another of Taylor's co-defendants, and that he had lent them his other van.

The agents then followed the second van to a Wendy's restaurant. The agents observed Taylor and Lewis smoking marijuana in the parking lot. Taylor and Lewis then drove away. Special Agent Lucas said that he observed the two smoking marijuana while driving and speeding, and he ordered the agents to arrest the two when they stopped at a gas station. During a search incident to arrest, the agents discovered marijuana and a room key for the Extend Stay America hotel.

The agents then obtained a search warrant for the hotel room and discovered seven kilograms of PCP.

A grand jury indicted Taylor and Lewis on one count of conspiracy to distribute and conspiracy to possess with intent to distribute PCP and one count of possession with intent to distribute PCP.[5]

Taylor and Lewis moved to suppress the evidence against them.[6] After a hearing at which Special Agent Lucas testified, the Court denied the motion.[7] The Court reasoned that the agents had reasonable suspicion to stop their van, the agents had probable cause to arrest them, and probable

---

[5]Docs. 15-2 (indictment) & 59 (superseding indictment).
[6]Doc. 33.
[7]Doc. 112.

-2-

Case No. 1:07-CR-00068-3
Gwin, J.

cause supported the search warrant for their hotel room.[8]

After a trial at which Special Agent Lucas again testified, a jury convicted Taylor of both counts of the superseding indictment.[9]  The Court subsequently sentenced Taylor to 188 months of incarceration on each count to run concurrently.[10]

Before the hearing, Taylor filed a sentencing memorandum asking the Court to grant him a three-level reduction under U.S.S.G. § 3B1.2 for minimal participation.[11]  The Court rejected Taylor's argument that he was only a minimal or minor participant in the crime.[12]  Taylor timely appealed.[13]

While the appeal was still pending, Taylor and Lewis moved for a new trial on the ground that the defendants had recently learned of misconduct by Special Agent Lucas which affected his credibility as a witness at both the suppression hearing and the trial.[14]  The government had not provided the defendants with evidence of Special Agent Lucas's misconduct.

After discovery, a hearing,[15] and supplemental briefing,[16] the Court denied the motion for a new trial.[17]  The Court found the fact the government withheld the evidence of Special Agent

---

[8]/*Id.*
[9]/Doc. 155 (verdict forms).
[10]/Docs. 189 (minutes of sentencing hearing) & 190 (judgment).
[11]/Doc. 185.
[12]/Doc. 219 (sentencing hearing transcript) (available in hard-copy).
[13]/Doc. 191.
[14]/Doc. 222.
[15]/Docs. 374 (minutes of hearing day one), 375 (minutes of hearing day two), 382 (minutes of hearing day three), & 391 (minutes of hearing day four).
[16]/Docs. 405 (Taylor's opening brief), 406 (United States's opening brief), 410 (Taylor's response brief), & 413 (United States's response brief).
[17]/Doc. 418.

Case No. 1:07-CR-00068-3
Gwin, J.

Lucas's wrongdoing extremely troubling.[18]  However, the Court concluded that Taylor could not show a reasonable probability that the outcome of the proceedings would have been different: sufficient untainted evidence existed to show that the evidence against Taylor should not have been suppressed and that the defendants committed the crimes they were charged with.[19]  Taylor timely appealed.[20]

The Sixth Circuit affirmed the Court's denial of the motion to suppress, the jury's verdict, and the Court's denial of the motion for a new trial.[21]  With respect to the motion for a new trial, the Sixth Circuit upheld the Court's determination that "there [was] no 'reasonable probability' that the defense's ability to further impeach Agent Lucas would have changed any of the verdicts."[22]  The Supreme Court denied a writ of certiorari.[23]

On October 28, 2013, Petitioner Taylor filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence on the basis of ineffective assistance of counsel.[24]  Taylor says that his counsel was ineffective for failing to investigate Special Agent Lucas.[25]  Taylor assumes that an investigation into Special Agent Lucas would have revealed the wrongdoing that later served as the basis for the motion for a new trial and that the jury would not have convicted him with knowledge of this information.[26]  Taylor also says that his counsel was ineffective for failing to

---

[18]/*Id.* at 5, 7-8.
[19]/*Id.* at 5-7.
[20]/Doc. 421.
[21]/Doc. 454.
[22]/*Id.* at 36.
[23]/Doc. 459.
[24]/Doc. 471.
[25]/*Id.* at 5-6.
[26]/*Id.*

-4-

Case No. 1:07-CR-00068-3
Gwin, J.

move for a downward departure in his offense level for being a minimal or minor participant.[27]

The United States opposes the motion.[28] The government says that counsel was not ineffective because Taylor cannot show he was prejudiced by the failure to investigate and that counsel moved for a downward departure for being a minimal or minor participant.[29]

Taylor filed a timely reply.[30] The motion is now ripe for decision.

## II. Legal Standard

### A. Section 2255 Motion

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

1) That the sentence was imposed in violation of the Constitution or laws of the United States;

2) That the court was without jurisdiction to impose such sentence;

3) That the sentence exceeded the maximum authorized by law; or

4) That the sentence is otherwise subject to collateral attack.[31]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[32] And to prevail on a § 2255 motion alleging non-constitutional error, the movant

---

[27]*Id.* at 7-8.
[28]Doc. 479.
[29]*Id.*
[30]Doc. 483.
[31]*Hill v. United States*, 368 U.S. 424, 426-27 (1963) (citing 28 U.S.C. § 2255).
[32]*Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Case No. 1:07-CR-00068-3
Gwin, J.

must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[33]

**B.  Ineffective Assistance of Counsel**

To succeed on a claim that counsel's assistance was constitutionally ineffective, a movant must pass a two-pronged test.  First, he must show that his attorney's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."[34] Judicial scrutiny of counsel's performance is highly deferential, and courts employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ."[35]

Second, the movant must show that the deficient performance prejudiced the defense so seriously that it deprived him of a fair trial.[36]  The movant meets the second prong of the test by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[37]

**III. Taylor's Ineffective Assistance of Counsel Claims**

Taylor brings two claims of ineffective assistance of counsel: 1) failure to investigate Special Agent Lucas, and 2) failure to move for a downward departure for being a minimal or minor

---

[33]/ *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill, 368 U.S. at 428*).
[34]/ *Strickland v. Washington, 466 U.S. 668, 687 (1984)*.
[35]/ *Id.* at 689.
[36]/ *Id.* at 687.
[37]/ *Id.* at 694.

Case No. 1:07-CR-00068-3
Gwin, J.

participant.  Both claims lose.[38]

**A.  Special Agent Lucas**

The Court begins its analysis with the question of prejudice.  To succeed on this claim, Taylor must show that there is a reasonable likelihood of a different outcome at trial or the suppression hearing if he had the results of the investigation of Special Agent Lucas.[39]

This Court and the Sixth Circuit have already determined that no reasonable likelihood of a different outcome existed.  Recall, in considering Taylor's motion for a new trial, the Court considered whether evidence of Special Agent Lucas's wrongdoing was "'material'—that is, where 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"[40]  Therefore, the standard for "materiality" for purposes of *Brady* and *Giglio* is the same as the standard for prejudice under *Strickland*.

The Court determined that no reasonable likelihood of a different outcome existed because untainted evidence, including the testimony of other witnesses who did not rely on Special Agent Lucas's observations, supported the Court's denial of the motion to suppress and the jury's verdict.[41]  Specifically, Task Force Officer Verhiley's observation that Taylor and Lewis were smoking marijuana and committed traffic violations as well as confidential informant tips about an impending drug deal were sufficient to give the agents reasonable suspicion to stop their van and probable cause

---

[38]An evidentiary hearing is not required in this case because the record conclusively shows that Taylor is not entitled to relief.  *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

[39]*See Strickland*, 466 U.S. at 694.

[40]Doc. 418 at 5 (quoting *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985))).

[41]*Id.* at 6-7.

Case No. 1:07-CR-00068-3
Gwin, J.

to arrest them.[42]

Additionally, at trial the government introduced evidence of Taylor's travel to Ohio from California, the large quantity of PCP seized lawfully in his hotel room,

The Sixth Circuit affirmed this Court's decision under *de novo* review.[43]

Petitioner Taylor provides no persuasive reason for this Court to reconsider the Sixth Circuit's and this Court's own prior analysis. First, Taylor observes that Lewis did not test positive for THC, the active component of marijuana.[44] Taylor concludes that Special Agent Lucas lied to the Court when he said he saw the defendants smoking marijuana and that the other agents relied on his representation in their own testimony. However, Officer Verhiley testified at the hearing that he observed the defendants smoking marijuana himself.[45]

Second, Taylor also says that the search warrant was not valid because the agents knew a PCP deal could not have taken place when the defendants were already in custody.[46] Special Agent Moses's affidavit in support of the search warrant, however, does not state that a PCP deal was about to take place; rather, the affidavit outlines the history of Carl Henderson's suspected PCP distribution in Ohio; the arrests of Henderson, Taylor, and Lewis; and the observations of agents and confidential informants as the basis for the search warrant.[47]

Finally, Taylor says that counsel should have renewed the motion to suppress the evidence

---

[42]*Id.* at 6.
[43]Doc. 454 at 31.
[44]Doc. 483 at 2-3.
[45]Doc. 94 at 6:20-8:6.
[46]Doc. 483 at 3.
[47]Doc. 104-1.

Case No. 1:07-CR-00068-3
Gwin, J.

as a result of discovering Special Agent Lucas's misconduct.[48/]  Counsel moved for a new trial and effectively argued in support of a new trial.  A motion for a new trial was the appropriate vehicle to bring the allegations about Special Agent Lucas to the Court's attention given that the Court had already entered judgment against Taylor when counsel discovered the allegations.  Counsel was not ineffective for moving for a new trial instead of renewing the motion to suppress.

Accordingly, Petitioner does not show a reasonable likelihood of a different outcome existed if counsel had investigated Special Agent Lucas.  Therefore, Petitioner cannot show he received ineffective assistance of counsel for failing to investigate Special Agent Lucas.

**B.      Minimal or Minor Participant Status**

Petitioner Taylor's argument that counsel was ineffective for failing to move for a downward departure on the basis of his status as a minimal or minor participant loses.  Counsel moved for a downward departure on that basis.  The Court, however, rejected the argument.  Taylor provides no argument counsel did not already make.  Accordingly, this claim fails as well.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Taylor's motion under 28 U.S.C. § 2255.  The Court certifies that an appeal could be taken in good faith from the Court's decision on Taylor's claim relating to Special Agent Lucas.  Otherwise, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and no other basis

---

[48/]Doc. 483 at 3-4.

Case No. 1:07-CR-00068-3
Gwin, J.

exists upon which to issue a certificate of appealability.[49]

     IT IS SO ORDERED.


Dated: February 4, 2014                    s/     *James S. Gwin*
                                           JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[49] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).